TONY FUNARO, Respondent, v. BOSTON AND MAINE RAILROAD, Appellant.

*Railroad — master and servant — negligence.*

Appeal by the defendant from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Saratoga on the 16th day of August, 1917, upon the verdict of a jury for $5,000, and also from an order entered in said clerk's office September 1, 1917, denying the defendant's motion for a new trial made upon the minutes.

Judgment and order reversed, on the ground that the damages are excessive, and new trial granted, with costs to the appellant to abide the event, unless the plaintiff stipulates to reduce the verdict to $2,500, in which case the judgment is so modified and as modified judgment and order affirmed, without costs. All concurred, except Woodward, J., dissenting, with an opinion.

WOODWARD, J. (dissenting): The complaint in this action alleges negligence on the part of the defendant's foreman, who was operating a gasoline car upon the defendant's tracks, " in failing to slow down and to stop said gasoline car when there was a large dog upon the track ahead," and " in wilfully and wantonly running over said dog, knowing that said gasoline

car would, in all probability jump the track, thereby endangering the life and limbs of the plaintiff and other employees upon said car," and "in failing to shut off the gas of said car after being warned of the presence of said dog upon the track ahead and in refusing to shut off the power on said car, although a collision with said dog was inevitable if said gasoline car continued its speed." The evidence, both of the plaintiff and defendant, shows that the dog was not upon the track ahead of the car at any time up to the very moment that he jumped over from a side track upon the main line where the defendant's car was running. Assuming the plaintiff's evidence to be true, that the dog was upon the side track, fifty feet from the main track, running diagonally toward the main track, upon which the defendant's car was running, and that the dog reached the main track and succeeded in getting his body part way over the first rail in time to be hit by the oncoming car, and that the plaintiff called "dog, dog, stop," or words of like import, it must be entirely plain that the defendant's motion to dismiss, on the ground that the cause of action alleged had not been proved, should have been granted. No such cause of action as that proved was alleged, and there was no suggestion of conforming the complaint to the facts proved. "The rule that judgment should be rendered in conformity with the allegations and proofs of the parties, *secundum allegata et probata*, is fundamental in the administration of justice.  *  *  *  The whole scope of these provisions of the Code, in respect to pleadings and amendments thereof, implies that all the material allegations of the plaintiff or defendant shall be spread upon the record, shall be actually inserted in the pleadings, and when variances are disregarded, it is upon the principle that they may be amended *nunc pro tunc* at the trial, and the court will so order to perfect the record so that it shall show the question really litigated and decided.  *  *  *  Parties go to court to try the issues made by the pleadings, and courts have no right impromptu to make new issues for them, on the trial, to their surprise or prejudice, or found judgments on grounds not put in issue, and distinctly and fairly litigated." (*Wright v. Delafield*, 25 N. Y. 266, 268, 270.) This case, it seems to me, disregards this fundamental rule, and I doubt very much if the evidence justifies submitting the question which was submitted. The evidence indicates clearly that the dog was running along the side track, giving no indication of an intention to cross over upon the main track until the car was very close to him, and then he started to cross and was struck, throwing the car from the rails, with injury to the plaintiff. I do not believe there was any case for the jury in any event, and as the proofs clearly did not establish the cause of action alleged, and the defendant raised the question on his motion to dismiss at the close of plaintiff's case, and renewed the motion at the close of the evidence, I am in favor of a reversal of the judgment.